AGGRESSIVE BUILDING AND LOAN ASSOCIATION, respondent,

*v.*

KEARNY PLUMBING SUPPLY COMPANY, appellant.

[Decided May 16th, 1932.]

*Mr. Joseph J. Corn,* for the appellant.

*Mr. Robert S. Pollard,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.

This is a foreclosure suit, the action having been instituted by the Aggressive Building and Loan Association to recover the amount due upon a mortgage held by it covering certain property in the town of Kearny owned by one Jennie A. Lowrey, who, together with her husband, executed the mortgage and delivered it to the complainant. The total amount which the mortgage was given to secure is $9,000.

The Kearny Plumbing Supply Company was made a party to the foreclosure suit because it holds a mechanics' lien upon the mortgaged premises. The mortgage was dated April 1st, 1929, and is an advance-money mortgage, the proceeds thereof to be used in paying for the erection of a building upon the mortgaged premises. It was recorded in the register's office of Hudson county on May 16th, 1929. The building was erected by Charles Lowrey and Joseph Lowrey, as contractors, and the defendant, the Kearny Plumbing Supply Company, furnished materials to them to be used in its construction. The contractors defaulted in their payments to the Kearny Plumbing Supply Company, and the latter on December 21st, 1929, filed a mechanics' lien upon the property and then instituted suit to enforce that lien. On March 8th, 1930, it recovered a judgment against the contractors, as builders, and Jennie Lowrey, as owner, in the sum of $857.64, that being the price of the materials furnished by it.

The litigation in the present case is between the complainant, the holder of the advance-money mortgage, and the defendant, the Kearny Plumbing Supply Company, the latter claiming that its lien is prior to that of the complainant, and the complainant insisting that the defendant's lien is invalid because it had not been filed within four months after the final delivery of materials to be used in the construction of the building, as required by section 16 of the Mechanics' Lien act. *Comp. Stat. p. 3303.*

The vice-chancellor before whom the hearing was had reached the conclusion that the complainant was justified under the proofs submitted in its contention that the mechanics' lien of the Kearny, &c., Company, had not been filed within the four months following the last delivery of materials under its contract with the builders. That there was a delivery within the statutory period is not controverted, but the holding of the vice-chancellor was that the materials then delivered were not used in the construction of the building, but were substituted in the place of other materials which had been delivered to the contractors by the Kearny, &c., Company from time to time and which were defective.

Reaching this conclusion, he held that the complainant was entitled to be first paid out of the proceeds of the foreclosure suit the full amount of its mortgage, and a decree so adjudging was thereupon entered. From that decree the Kearny Plumbing Supply Company has appealed.

Our examination of the proofs in the cause leads us to the conclusion that the vice-chancellor was not justified in holding that the materials comprising this latest delivery by the appellant were not used in the construction of the building, but for the replacing of other and defective materials previously supplied by it to the contractors. This conclusion, however, does not entitle the appellant to complete priority over the mortgage of the respondent. As already has been stated, this was an advance-money mortgage, the amount of the advancements to be used to pay for the labor and materials that went into the construction of the building. To the extent that the money was actually appropriated to this purpose, the respondent is entitled to priority over the appellant's lien claim. Section 15 of our Mechanics' Lien law (*Comp. Stat. p. 3303*) provides that an advance-money mortgage shall have priority over any mechanics' lien to the extent of the money actually advanced and paid by the mortgagee and applied to the erection of any new building upon the lands, or any alterations, repairs or additions to any building on said lands, provided such mortgage be registered or recorded before the filing of any such claim. In this case the mortgage was recorded before the mechanics' lien claim of the appellant was filed. It appears from the undisputed evidence in the case that a large portion of the moneys advanced by the respondent was paid to Jennie Lowrey, the owner of the premises, and by her turned over to Lowrey Brothers, the contractors erecting the building. To the extent that these payments made to her were turned over to the contractors the complainant is entitled to a prior lien. It appears further from the evidence in the case, which evidence also is not disputed, that a certain portion of the moneys advanced by the complainant was not applied to the erection of the building, but was used for the payment of taxes, lawyers'

fees, interest on mortgage and other items disconnected with construction work. As to these moneys the lien of the respondent is subsequent to that of the appellant. This being so, we conclude that there should be an ascertainment by the court of chancery of the exact amount which was paid for construction work out of the funds paid to the mortgagor by the respondent and of the exact amount expended out of such funds for other purposes; and, after the ascertainment of such amounts, a decree establishing the priority of respondent's mortgage so far as the moneys advanced by it were used in the construction of the building, and the priority of the lien of the appellant so far as moneys advanced by the complainant on account of the mortgage debt were not used in such construction.

The decree under review will be modified to the extent indicated.

*For modification*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.